-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH PAUL GUARNERI, 05B0213,

        Plaintiff,

                                  DECISION AND ORDER
-v-                                 09-CV-6311L

HENRY LEMONS, NYS Division of Parole Chairman;
JOHN HOWAN, NYS Division of Parole area Supervisor;
GENTILE, NYS Division of Parole area Supervisor;
Officer B. RODIN, NYS Division of Parole Senior Parole Officer;
REESE, NYS Division of Parole Officers;
COOPER, NYS Division of Parole Officers;
SKINNER, NYS Division of Parole Officers;
MIRA LAMISS, NYS Division of Parole Officers;
B. LUDNEY, NYS Division of Parole Officers;
MARK SNYDER, NYS Division of Parole Revocation Specialist;
SARAH BRUNO-ROBECHARD, Atmont Program Counselor;
SCOTT, Parole Stablization Unit Director;
JAMES CONWAY, Attica Correctional Facility Superintendent;
GEORGE STRUEBLE, Attica Correctional Facility Grievance Supervisor;
D. REYNOLD, Attica Correctional Facility Deputy Superintendent of Program;
SCOTT J. CLAIR, Attica Correctional Facility Chief Forensic;
ED WING, Attica Correctional Facility Mental Health Counselors;
C. MURPHY, Attica Correctional Facility Mental Health Counselors;
MARY HEBERMAN, Attica Correctional Facility Mental Health Nurse
and JIFFY BISHOP, Attica Correctional Facility Mental Health Counselor,

        Defendants.
_____

Plaintiff *pro se* Guarneri, a prisoner incarcerated at the Collins Correctional Facility, has filed a motion to reconsider the Court's dismissal of his action without prejudice for having disregarded two Court Orders (Docket # 10). Plaintiff was twice directed by the Court to provide information upon which the Court could base its determination of plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff was directed to complete the required authorization to pay

the $350.00 fee and the prison certification section of the application form, which section must be completed and signed by a prison official and without which the Court cannot grant the request and put the case forward. Plaintiff then filed a third application to proceed *in forma pauperis*, which again contained a certification which had not been completed by prison officials. In addition, despite being provided a new application form by the Clerk of Court with an authorization form authorizing the release of the $350.00 filing fee necessary to commence this action, plaintiff failed to submit the required authorization.

Plaintiff had been explicitly forewarned that failure to comply with the second order by either submitting the *in forma pauperis* application with a certification section completed by prison officials or paying the filing fee by the designated date would result in the dismissal of this case without prejudice (Docket # 6). Because plaintiff twice ignored Court Orders, the Court denied his application to proceed without prepayment of the fee and dismissed his case without prejudice.

Plaintiff has now written to the Court expressing his opinion that an error has been made by the Court, that he has completed the certification, and that his request to proceed *in forma pauperis* has already been granted. The Court declines to reconsider the Court's previous order dismissing plaintiff's case without prejudice for having disregarded multiple court orders. Attached to this Order plaintiff will find a copy of the docket in this case and copies of his three applications for *in forma pauperis* status. The first one accompanied plaintiff's complaint filed on June 16, 2009, with no certification completed by prison authorities and with an authorization form authorizing the release of only $250.00, not the $350.00 fee required to file cases since April 9, 2006. The second one was filed July 20, 2009, in response to the Court's order of July 13, 2009, directing that the authorization must allow release of $350.00 **and** that the prison certification section must be

2

completed by prison officials, yet the application, again, contained no completed prison certification and attached another authorization to release only $250.00. The third one was filed August 6, 2009, in response to the Court's Order of August 12, 2009 citing the preceding history and giving plaintiff one final opportunity to file the explicitly described forms, explaining that the Court could dismiss the case without prejudice for his disregard of a Court Order, and warning that the Court **would** dismiss his case if he failed to respond to the Court's Order and provide the, again, explicitly described forms. Yet the application contained, again, no certification form completed by prison officials and **no** authorization whatsoever.[1] In response to this third application, the Court fulfilled it's warning to dismiss the plaintiff's case for having disregarded multiple Court Orders. The plaintiff's protestation that the Court has made an error is belied by the record in this case. In addition, plaintiff provides no explanation for his failure to file the twice-ordered forms required by the Court. Plaintiff's motion to reconsider is denied.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

DATED: August 24, 2009
Rochester, New York

---

[1] The Court notes that with each Court Order, plaintiff was supplied with copies of the current *in forma pauperis* forms and authorization forms allowing the release of $350.00 required to respond to the Court's orders.

3